# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WALTER DALE STUMBO, et al.,<br><br>*Defendants*,<br><br>COMMUNITY TRUST BANK, INC.,<br>and<br>CITIZENS NATIONAL BANK,<br><br>*Petitioners.* | **REPORT AND RECOMMENDATION**<br>Criminal No. 1:14cr00014 |

This matter is before the court on the Petition Of Community Trust Bank, Inc., For Hearing To Adjudicate Validity Of Petitioner's Interest In 2014 Chevrolet Silverado, VIN 3GCUKSEC9EG213087, (Docket Item No. 160) ("Community's Petition"), and Petition For Relief From Forfeiture, filed by Citizens National Bank, (Docket Item No. 163) ("Citizens's Petition") (collectively "Petitions"). The Petitions were filed in this matter in response to the court's October 10, 2014, Forfeiture Money Judgment And Preliminary Order Of Forfeiture, (Docket Item No. 132). The matters have been referred to the undersigned for a report and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). A hearing on the Petitions was held by telephone conference call before the undersigned on March 5, 2015.

There are no disputes in the relevant facts. In April 2014, the Government charged Sonya and Walter Dale Stumbo, wife and husband, by Criminal Complaints with conspiring to knowingly sponsor or exhibit an animal in an animal fighting venture and to conduct, finance, manage, supervise, direct or own all or part of an illegal gambling business. The Stumbos were subsequently indicted on May 27, 2014, and charged with the above conspiracy charge, among other charges. The Indictment contained a Notice of Forfeiture, seeking the forfeiture of a money judgment of not less than $905,208.64 and any property, real or personal, which constituted or was derived from proceeds traceable to the alleged criminal conduct. On July 24, 2014, Walter Dale Stumbo pleaded guilty to all counts, including the conspiracy charge, without the benefit of a plea agreement. Sonya Stumbo went to trial, and, on August 6, 2014, was convicted on all counts, including the conspiracy charge.

A Forfeiture Money Judgment And Preliminary Order Of Forfeiture was entered on October 10, 2014, ("Preliminary Order of Forfeiture"), ordering certain sums of cash, guns, a mobile home, certain motor vehicles, including the 2014 Chevrolet Silverado, VIN 3GCUKSEC9EG213087, ("Truck"), which is the subject of Community's Petition, and certain real property, including a house and 30 acres of land located on Frasures Creek Road in McDowell, Kentucky, ("Real Property"), which is the subject of Citizens's Petition, be forfeited to the Government as either proceeds, or derived from proceeds, of the criminal conduct of the defendants. The Petitions were filed in response to this Preliminary Order of Forfeiture.

Community's Petition asserts that it holds a duly perfected first priority purchase money lien against the Truck pursuant to a Retail Installment Contract

and Security Agreement, ("Security Agreement"). As of December 3, 2014, Community Trust Bank, ("Community"), asserted that the payoff balance due under the Security Agreement was $10,506.39 plus per diem interest accruing at the rate of $1.42. Citizens's Petition asserts that it has an interest in the Real Property, which is superior to the Stumbos' interests, based upon a mortgage on the property, which secures a July 9, 2004, promissory note, ("Mortgage"). As of December 9, 2014, Citizens National Bank, ("Citizens"), asserted that the payoff balance of principal and accrued interest was $49,700.49. Subsequent to the filing of the Petitions, the Government filed notices that it did not contest the Petitions, insofar as the petitioners asserted liens against the property and the remaining balances owed the petitioners and the per diem interest rate.

Counsel for the petitioners assert that the petitioners' rights in the forfeited property extend not only to cover the unpaid balances and accruing interest, but also any attorneys' fees and costs incurred by the petitioners in protecting their interests in the forfeited property. Community also seeks entry of an order determining whether the expenses claimed by the Government related to any sale of the Truck should take priority over its claim, whether these expenses should be capped and whether a date certain for the sale of the Truck and a minimum sale price should be established. In response, the Government argues that the Petitions did not seek attorneys' fees, the forfeiture process does not recognize an award for attorneys' fees and, even if the court is permitted to award fees, no attorneys' fees should be awarded on these claims because the Government has never contested the claims.

Under the criminal forfeiture statute, a person or entity, other than the defendant, who is asserting a legal interest in forfeited property, may petition the

-3-

court for a hearing to adjudicate the validity of the party's alleged interest in the property. *See* 21 U.S.C.A. § 853(n)(2) (West 2013). The petition must be signed under penalty of perjury and must outline the petitioner's right, title or interest in the property and the time and circumstances of the petitioner's acquisition of the right, title or interest in the property. *See* 21 U.S.C.A. § 853(n)(3) (2013). To prevail, a petitioner must establish by a preponderance of the evidence that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section….

21 U.S.C.A. § 853(n)(6)(A)-(B) (West 2013). *See United States v. Reckmeyer*, 836 F.2d 200, 203-04 (4th Cir. 1987).

In *In Re Metmor Financial, Inc.,* 819 F.2d 446, 448-49 (4th Cir. 1987) (citing *United States v. Stowell*, 133 U.S. 1, 16-17 (1890)), the Fourth Circuit recognized that the government, through forfeiture, could succeed to no greater interest in property than that which was held by the wrongdoer whose actions justified the forfeiture. In *Metmor*, the Fourth Circuit held that an innocent mortgagee's interests in the forfeited property included accruing interest, including post-seizure interest. *See Metmor*, 819 F.2d at 451. "The forfeiture cannot change the nature of Metmor's rights as an innocent mortgagee." *See Metmor*, 819 F.2d at 449 (citation omitted). The Fourth Circuit also recognized that, if the mortgage

agreement had provided for them, Metmor could have recovered its costs and attorneys' fees expended in protecting its interest in the forfeited property. *See Metmor*, 819 F.2d at 448 n.3.

Four years later, the Fourth Circuit remanded a similar case specifically for the district court to determine whether the loan agreements secured by the forfeited property provided for the recovery of attorneys' fees and costs. *See United States v. Fed. Nat'l Mortg. Ass'n.*, 946 F.2d 264, 267 (4th Cir. 1991). In doing so the court stated:

> …In *Metmor*, this Court stated that costs and attorney's fees would be available to an innocent lienholder if provided for in the mortgage documents, … and we so hold today. … It is not clear from the present record whether the lienholders in this case are entitled, under the terms of their contracts, to the recovery of fees and costs. Consequently, we remand this action to the district court so that it may determine in the first instance whether the lienholders are entitled to fees and costs, and if so, in what amount.

946 F.2d at 267 (internal citations omitted). In *United States v. Real Property*, 949 F.2d 374, 377 (10th Cir. 1991), the Tenth Circuit also has held that preexisting deeds of trust gave lienholders the right to recover attorneys' fees, and, therefore, lienholders could recover attorneys' fees expended to protect their liens in forfeiture proceedings even though attorneys' fees were incurred after the acts giving rise to forfeiture and after the property had been seized. *See United States v. Real Property*, 989 F.2d 1089, 1092 (9th Cir. 1993) (under innocent owner exception to forfeiture statute, innocent lienholder has a right to recover attorney fees and costs, if right to recover fees and costs is secured by the property); *United States v. Real Property*, 920 F.2d 798, 799 (11th Cir. 1991) (to deny innocent

-5-

Case 1:14-cr-00014-JPJ-PMS   Document 190   Filed 04/20/15   Page 5 of 11   Pageid#: 1822

lienholder its costs and attorneys' fees provided for in loan documents would be a deprivation of its rights in forfeited property); *see also United States v. Harris*, 246 F.3d 566, 574 (6th Cir. 2001) (holding that innocent lienholder has a right to recover prepayment penalties if provided for in the loan agreement).

With regard to Community's Petition, Community's interest in the Truck is secured by a Retail Installment Contract and Security Agreement executed by Walter Dale Stumbo on December 2, 2013. (Docket Item No. 160, Att. No. 2) ("Security Agreement"). According to the terms of the Security Agreement, Community loaned Stumbo $16,733.28 in exchange for a security interest in the Truck to secure Stumbo's "payment and performance" under the Security Agreement. In addition to Stumbo's obligation to repay the loaned amount, the Security Agreement also imposed an obligation that Stumbo protect and defend the Truck from any third-party claims. If Walter Dale Stumbo defaulted, under the terms of the Security Agreement, he agreed "to pay [Community's] costs for collecting amounts owing, including, without limitation, court costs and fees for repossession, repair, storage and sale of the Property securing the Contract. You also agree to pay our reasonable attorneys' fees after default…." The Security Agreement gives Community the right, upon default, to take possession of the Truck, sell the Truck and apply the proceeds to any amounts owed by Stumbo under the Security Agreement. The Security Agreement defines default as failing "to perform any obligation that you have undertaken in this Contract."

Community alleges that Stumbo was in default under the Security Agreement from the time that he committed the criminal acts which subjected the Truck to forfeiture, in that this action violated his obligation to protect and defend the Truck against any third-party claim. Community also alleges that Stumbo has
-6-

defaulted under the Security Agreement, in that he has not made any payments as required by the agreement since the entry of the Preliminary Order of Forfeiture.

With regard to Citizens's Petition, Stumbo and Sonya K. Stumbo entered into a Mortgage with Citizens on July 20, 2004. (Docket Item No. 189). Under the terms of the Mortgage, Citizens took a secured interest in the Real Property. A failure to make any payment when due would be a default under the terms of the Mortgage. Under the terms of the Promissory Note, the payment of which was secured by the Mortgage, the Stumbos were obligated to make 119 payments of $710.12 and one final estimated balloon payment of $65,402.71, due by July 9, 2014. (Docket Item No. 163, Att. No. 1.) Also, any governmental agency's taking of any of the Real Property would be a default under the Mortgage. The Mortgage further states:

> … Whether or not any court action is involved, … all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the [i]ndebtedness payable on demand…. Expenses covered by this paragraph include, without limitation, … Lender's reasonable attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit….

Citizens alleges that the Stumbos are in default under the terms of the Mortgage, in that they did not make the final balloon payment as required on July 9, 2014, and because the Government has sought forfeiture of the Real Property.

Based on the above, the court finds that the contracts which created petitioners' interests in the properties sought to be forfeited to the Government recognize that the petitioners may recover attorneys' fees and expenses spent in an

-7-

Case 1:14-cr-00014-JPJ-PMS   Document 190   Filed 04/20/15   Page 7 of 11   Pageid#: 1824

defaulted under the Security Agreement, in that he has not made any payments as required by the agreement since the entry of the Preliminary Order of Forfeiture.

With regard to Citizens's Petition, Stumbo and Sonya K. Stumbo entered into a Mortgage with Citizens on July 20, 2004. (Docket Item No. 189). Under the terms of the Mortgage, Citizens took a secured interest in the Real Property. A failure to make any payment when due would be a default under the terms of the Mortgage. Under the terms of the Promissory Note, the payment of which was secured by the Mortgage, the Stumbos were obligated to make 119 payments of $710.12 and one final estimated balloon payment of $65,402.71, due by July 9, 2014. (Docket Item No. 163, Att. No. 1.) Also, any governmental agency's taking of any of the Real Property would be a default under the Mortgage. The Mortgage further states:

> … Whether or not any court action is involved, … all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the [i]ndebtedness payable on demand…. Expenses covered by this paragraph include, without limitation, … Lender's reasonable attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit….

Citizens alleges that the Stumbos are in default under the terms of the Mortgage, in that they did not make the final balloon payment as required on July 9, 2014, and because the Government has sought forfeiture of the Real Property.

Based on the above, the court finds that the contracts which created petitioners' interests in the properties sought to be forfeited to the Government recognize that the petitioners may recover attorneys' fees and expenses spent in an

attempt to protect and enforce their interests in the properties. *See United States v. Real Property*, 989 F.2d at 1092. Therefore, the court holds that petitioners' secured interests in the forfeited property include not only the underlying indebtedness and accrued interests, but also the attorneys' fees and expenses incurred to protect those interests.

Insofar as the Government argues that no attorneys' fees should be awarded on these claims because the Petitions did not specifically request them, the court finds the language of the Petitions broad enough to include claims for fees and expenses. In particular, Community's Petition sought a decision from the court declaring Community's "interest [in the Truck] be declared and determined to be exempt from forfeiture; … and for such … further relief as may be required in order to protect its interest therein." Citizens's Petition simply stated that Citizens "has a legal right[,] title and interest in the [Real Property] … and which right was superior to the Defendants' interests at the time of the alleged commission of the acts which gave rise to the forfeiture."

The Government also argues that no attorneys' fees and expenses should be awarded because the Government has not contested the petitioners' claims. While the Government has recognized the petitioners' interests in the forfeited property to the extent of the defendants' remaining debt balances with accrued and accruing interests, the Government also has asserted that the petitioners are not entitled to attorneys' fees and costs. Furthermore, at the hearing, the Government conceded that under the notice served on the petitioners, and pursuant to 21 U.S.C. § 853(n), each was required to file a petition for the court to determine and protect their interests in the forfeited property.

With regard to Community's request that the court determine whether the expenses claimed by the Government related to any sale of the Truck should take priority over its claim, whether these expenses should be capped and whether a date certain for the sale of the Truck and a minimum sale price should be established, Community has provided the court with no authority to support such an order. Once property is ordered forfeited to the Government, 21 U.S.C. § 853(i) grants the Attorney General the authority to "direct the disposition by the United States, in accordance with the provisions of section 881(e) of this title, of all property ordered forfeited under this section by public sale or any other commercially feasible means, making due provision for the rights of innocent persons…." 21 U.S.C.A. § 853(i) (2013). Furthermore, 21 U.S.C. § 881(e) allows the Attorney General to pay the expenses of the forfeiture, sale, seizure, maintenance, advertising and court costs from the proceeds of any sale of forfeited property. *See* 21 U.S.C.A. § 881(e)(2)(A)(i) (2013).

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. An innocent lienholder's interest in forfeited property includes costs and attorneys' fees incurred protecting the lienholder's interest, if provided for in the contract which created the lienholder's interest;

2. The contracts which created petitioners' interests in the properties sought to be forfeited in this case recognize that the petitioners may recover attorneys' fees and expenses spent in an attempt to protect and enforce their interests in the properties; and

3. The Attorney General has authority to direct the disposition of forfeited property by public sale or any other commercially feasible means and may pay the expenses incurred from the proceeds gained.

## RECOMMENDED DISPOSITION

Based on the above, I recommend that the court grant the Petitions and recognize that the petitioners' interests in the forfeited property includes their right to recover attorneys' fees and costs incurred in protecting their interests. By separate Order, the undersigned will direct the petitioners to file verified statements of their attorneys' fees and costs incurred within 21 days. I further recommend that the court deny Community's Petition, insofar as it requests the court to circumvent the Attorney General's authority to direct the disposition of the forfeited property.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record.

DATED: April 20, 2015.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE