# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WALTER DALE STUMBO, et al.,<br><br>*Defendants*,<br><br><br>COMMUNITY TRUST BANK, INC.,<br>And<br>CITIZENS NATIONAL BANK,<br><br>*Petitioners*. | **REPORT AND RECOMMENDATION**<br>Criminal No. 1:14cr00014 |

This matter is before the court on the Petition Of Community Trust Bank, Inc. For Hearing To Adjudicate Validity Of Petitioner's Interest In 2014 Chevrolet Silverado, VIN 3GCUKSEC9EG213087, (Docket Item No. 160), ("Community's Petition"), and Petition For Relief From Forfeiture, (Docket Item No. 163), filed by Citizen's National Bank, ("Citizen's Petition"), (collectively "Petitions"). By Report and Recommendation entered April 20, 2015, (Docket Item No. 190), the undersigned recommended that the court hold that Petitioners' interests in the properties sought to be forfeited to the Government included the right to recover their attorneys' fees and expenses spent in an attempt to protect and enforce their interests in the properties. The court then allowed counsel for the Petitioners to file statements of their fees and costs expended. These statements are now before the undersigned for a report and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) as to the amount of fees and costs to be allowed.

The facts and circumstances surrounding the Government's attempt to forfeit the property at issue in the Petitions was set out in the April 20, 2015, Report and Recommendation, and, for brevity's sake, will not be repeated here except where necessary for clarity. A Forfeiture Money Judgment And Preliminary Order Of Forfeiture was entered on October 10, 2014, (Docket Item No. 132), ("Preliminary Order of Forfeiture"), ordering certain sums of cash, guns, a mobile home, certain motor vehicles, including the 2014 Chevrolet Silverado, VIN 3GCUKSEC9EG213087, ("Truck"), which is the subject of Community's Petition, and certain real property, including a house and 30 acres of land located on Frasures Creek Road in McDowell, Kentucky, ("Real Property"), which is the subject of Citizen's Petition, be forfeited to the Government as either proceeds, or derived from proceeds, of the criminal conduct of the defendants. The Petitions were filed in response to this Preliminary Order of Forfeiture.

Community's Petition asserts that it holds a duly perfected first priority purchase money lien against the Truck pursuant to a Retail Installment Contract and Security Agreement, ("Security Agreement"). As of December 3, 2014, Community Trust Bank, Inc., ("Community"), asserted that the payoff balance due under the Security Agreement was $10,506.39 plus per diem interest accruing at the rate of $1.42. Citizen's Petition asserts that it has an interest in the Real Property, which is superior to the Stumbos' interests, based upon a mortgage on the property, which secures a July 9, 2004, promissory note, ("Mortgage"). As of December 9, 2014, Citizen's National Bank, ("Citizen's"), asserted that the payoff balance of principal and accrued interest was $49,700.49.

The Petitioners' rights to attorneys' fees and expenses in this case are based on contracts which shifted the responsibility for fees and expenses under certain

circumstances. *See United States v. Fed. Nat. Mortg. Ass'n.*, 946 F.2d 264, 267 (4th Cir. 1991); *In Re Metmor Financial, Inc.,* 819 F.2d 446, 448 n.3. (4th Cir. 1987). These contracts, however, also provided that the Petitioners may recover "reasonable" legal fees. Community has filed a statement seeking an award of fees in the amount of $5,436.50 and expenses of $19.60. (Docket Item No. 194). Citizen's has filed statements seeking an award of fees in the amount of $10,902.50[1] and expenses of $97.60. The Government has filed a response, objecting to the amount of fees sought by the Petitioners. (Docket Item No. 198.) Thus, the court must decide whether these fees and expenses are "reasonable."

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." The Fourth Circuit Court of Appeals has long recognized the use of the 12 factors set forth in *Johnson v. Ga. Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974), to determine the reasonableness of a fee award under 42 U.S.C. § 1988, the attorney's fee statute for the Civil Rights Act. *See Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978) (adopting the 12 *Johnson* factors). These factors include: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity cost in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's

---

[1] While Citizen's fee petitions state that it is requesting a total of $10,917.50 in legal fees, both Bosen's and Rose's verified statements list wrong totals for the fees requested by Rose. Bosen's statement states that Rose is seeking $3,952.50 in fees. (Docket Item No. 192 at 2.) Rose's statement states that she is seeking $3,727.50 in fees. (Docket Item No. 192 at 16.) The correct total, however, for 1.75 hours of paralegal time at $75.00 an hour and 21.75 hours of attorney time at $175.00 should be $3,937.50. The court uses this correct figure as the unadjusted amount sought.

-3-

expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and the client; and (12) attorney's fees awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

In this case, I will first address whether the attorney and paralegal hourly rates sought are reasonable. Community seeks an award of legal fees of $240.00 an hour per partner and $175.00 an hour per associate. Community does not seek any award of fees for paralegal time. Citizen's seeks an award of legal fees of $350.00[2] and $175.00 an hour for attorneys and $75.00 an hour for paralegals. The party seeking a fee award bears the burden of proving that the hourly rate sought is reasonable. *See McAfee v. Boczar*, 738 F.3d 81, 91 (4th Cir. 2013). In determining the reasonableness of the requested hourly rate, the court must consider the prevailing market rate in the relevant community, taking into account the experience of the individual lawyer whose rate is being reviewed. *See Missouri v. Jenkins*, 491 U.S. 274, 285-86 (1989); *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174-75 (4th Cir. 1994); *Johnson*, 488 F.2d at 719. The prevailing market rate may be established through affidavits reciting fees of counsel with similar qualifications, information concerning fee awards in similar cases and evidence of counsel's billing practices. *See Spell v. McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987).

---

[2] Approximately 1.4 hours of time on Bosen's statements is inexplicably billed at $250.00 an hour.

In this case, the court has no issue with the reasonableness of the hourly fees requested, with the exception of the $350.00 hourly rate sought by Harry F. Bosen, Jr., counsel for Citizen's. Bosen, in his verified statement, has provided the court with evidence that his usual hourly rate is $400.00. He further has stated that he has practiced in the state and federal courts of Virginia for almost 40 years and that $350.00 an hour is a reasonable and fair rate. Bosen has provided no evidence to the court with regard to whether the requested $350.00 hourly rate is comparable to rates charged by other attorneys with similar qualifications on similar cases. This court recently recognized that a $300.00 hourly rate is within the range of the prevailing market rate in the Western District of Virginia for lawyers handling Title VII employment discrimination cases. The court cannot find that the expertise necessary to successfully argue the Petitions would be any greater, or would be worth any more, than those necessary to pursue an employment discrimination case. Therefore, the court will reduce the fees requested by Citizen's, based on the work performed by Bosen, to $300.00 an hour. This reduction will reduce the fees sought by Citizen's by $945.00 to $9,957.50.

The court next will address whether the amount of time billed is reasonable. The court notes that "it is not proper to award a full attorney rate for activities that should more effectively be performed by nonlawyers." *Chapman v. Astrue*, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (citing *Spell*, 824 F.2d at 1401-02). Additionally, "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3764009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)). In *Chapman*, this court found that it is proper to award a reduced hourly rate for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done

-5-

Case 1:14-cr-00014-JPJ-PMS    Document 205    Filed 07/01/15    Page 5 of 12    Pageid#: 2014

effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)). Keeping these principles in mind, an examination of the itemized statements submitted by counsel in this case makes clear that some of the time billed by attorneys would more appropriately have been included at a nonattorney rate and some of this time should be reduced or eliminated.

In particular, with regard to Community's Petition, I find that the entry by Alexis I. Snyder on January 13, 2015, for .1 an hour for "review docket to confirm government did not file pre-hearing motion by deadline" would have been more appropriately performed by a paralegal. This would result in a $10.00 reduction in fees from $17.50 to $7.50 for this entry. With regard to Citizen's Petition, I find that the following entries by Bosen would have been more appropriately performed by a paralegal:

1. December 11, 2014, entry for .2 hour for scan and attempt to file Citizens's Petition with the court and mail copies to U.S. Attorney and Clerk;
2. December 11, 2014, entry for .5 hour for call to Clerk's Office because unable to file petition electronically and prepare letters to US Attorney and Clerk's Office; and
3. December 15, 2014, entry for .1 hour for call to Clerk's Office to confirm receipt of Petition through mail.

These reductions result in $180.00 less in legal fees based on the above $300.00 rate for Bosen and $75.00 rate for paralegal work.

A further examination of the itemized statements submitted by counsel in this case also shows that some of the attorney time should be reduced or

eliminated. In particular, both Petitioners have two attorneys who have performed work on the Petitions, which has led to some duplication of efforts. Also, some entries reflect time that was spent receiving or delegating tasks to perform, rather than actually performing legal work for the client. Furthermore, the undersigned is of the opinion that counsel should not bill clients for routine reviews of a case to determine the status. Based on these reasons, I will not award any fees for the following entries sought in Community's Petition:[3]

1. .1 of the December 3, 2014, entry by Mark L. Esposito for the telephone call with co-counsel;
2. .1 of the December 3, 2014, entry by Snyder for the telephone call with co-counsel;
3. .1 of the December 22, 2014, entry by Snyder for reviewing an email from co-counsel;
4. .4 of the January 5, 2015, entry by Esposito for reviewing Docket Report and Pleadings filed in forfeiture case;
5. .2 of the January 30, 2015, entry by Snyder for reviewing Order directing parties to schedule ancillary hearing and for telephone call with Esposito;
6. .2 of January 31, 2015, entry by Snyder for drafting memorandum to Esposito;
7. .2 of February 2, 2015, entry by Snyder for telephone call and reviewing email from Esposito;
8. .2 of February 6, 2015, entry by Snyder for reviewing emails from Esposito;
9. .1 of February 8, 2015, entry by Snyder for reviewing email from Esposito;
10. .1 of February 12, 2015, entry by Snyder for reviewing email from Esposito;
11. .2 of February 24, 2015, entry by Snyder for drafting email to and reviewing voicemail from Esposito;

---

[3] While it appears that much of the legal work on Community's Petition was performed by the associate Snyder, many of the cuts have come in her time. This has been done so that, where there has been a duplication of effort, the law firm gets the benefit of the higher hourly rate for the partner's time.

12. .5 of February 27, 2015, entry by Esposito for reviewing file materials;
13. .2 of February 27, 2015, entry by Snyder for meeting and telephone call with Esposito;
14. .2 of March 2, 2015, entry by Snyder for meeting with Esposito; and
15. .2 of March 3, 2015, entry by Snyder for reviewing pleading and reviewing email from Esposito.

These reductions result in 1.0 hour less time for Esposito at a rate of $240.00 an hour, for a reduction in fee of $240.00, and 2.0 hours less time for Snyder at a rate of $175.00, for a reduction of $350.00.

Based on these reasons, I will not award any fees for the following entries sought in Citizen's Petition:[4]

1. 1.0 of the December 8, 2014, entry of Harry F. Bosen, Jr. for receive and review several emails from and emails to Jill Rose;
2. .1 of December 9, 2014, entry of Bosen for receiving and sending emails to Rose;
3. .1 of December 15, 2014, entry of Bosen for email to Rose;
4. .1 of of December 19, 2014, entry of Bosen for assignments to Matt Pollard;
5. 1.3 of December 1-31, 2014, entry of Rose;
6. .1 of January 13, 2015, entry of Bosen for email to Rose;
7. .2 of January 14, 2015, entry of Bosen for emails to and from Rose;
8. .2 of January 15, 2015, entry of Bosen for teleconference with Rose;
9. .1 of January 19, 2015, entry of Bosen for emails to and from Rose;
10. .5 of January 1-31, 2015, entry of Rose;

---

[4] While Citizen's also has at least two attorneys working on this matter, they are from different firms. Therefore, any reductions taken for duplicate work are split between the two.

11. .1 of February 11, 2015, entry of Bosen for assignment to Pollard and call to Rose;

12. .1 of February 12, 2015, entry of Bosen for email to Rose;

13. .2 of February 27, 2015, entry of Bosen for email to Rose;

14. .3 of February 1-28, 2015, entry of Rose;

15. .1 of March 2, 2015, entry of Bosen for email to Rose;

16. .2 of March 3, 2015, entry of Bosen for emails to and from Rose;

17. .1 of March 4, 2015, entry of Bosen for emails to Rose;

18. .1 of March 5, 2015, entry of Bosen for email to Rose;

19. .2 of March 6, 2015, entry of Bosen for emails to and from Rose;

20. .1 of March 9, 2015, entry of Bosen for email from Rose;

21. .6 of March 1-31, 2015, entry of Rose;

22. .1 of April 15, 2015, entry of Bosen for emails to and from Rose;

23. .1 of April 21, 2015, entry of Bosen for email to Rose;

24. .1 of April, 30, 2015, entry of Bosen for communications with Rose;

25. .3 of April 1-30, 201, entry of Rose;

26. .1 of May 5, 2015, entry of Bosen for email to Rose; and

27. .1 of May 15, 2015, entry of Bosen for email to Rose.

These reductions result in 3.6 hours less time for Bosen at a rate of $300.00 an hour, for a reduction in fee of $1,080.00, and 3.0 hours less time for Rose at a rate of $175.00, for a reduction of $525.00.

Based on the revisions stated above, regarding Community's Petition, the court must determine if .1 hour of nonattorney time at $75 an hour, 8.6 hours of attorney time at $240.00 an hour and 15.80 hours of attorney time at $175.00 an

hour, resulting in a total fee of $4,836.50 is reasonable in this case in light of the factors to be considered under *Johnson*, 488 F.2d at 717-19.

Having considered all of the above, the court finds that a total attorneys' fee of $3,500.00 is reasonable. In reaching this amount, the court has reduced the amount of fees for attorney and nonattorney time to an amount that is slightly more than one-third of the value of the interest protected, and, to the court, is a more reasonable amount to incur for a case of this size. The court also will award $19.60 in costs, for a total of $3,519.60.

Based on the revisions stated above, regarding Citizen's Petition, the court must determine if 2.55 hours of nonattorney time at $75 an hour, 14.5 hours of attorney time at $300 an hour, 1.4 hours of attorney time at $250.00 and 18.75 hours of attorney time at $175.00 an hour, resulting in a total fee of $8,172.50 is reasonable in this case in light of the factors to be considered under *Johnson*, 488 F.2d at 717-19. In light of the value of the interest protected, and having considered all of the above, the court finds that a total attorneys' fee of $8,172.50 is reasonable in this case. The court also will award $97.60 in costs, for a total of $8,270.10.

## PROPOSED FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Community's interest in the Truck includes $3,500.00 in attorneys' fees and $19.60 in expenses; and

-10-

2. Citizen's interest in the Real Property includes $8,172.50 in attorneys' fees and $97.60 in expenses.

## RECOMMENDED DISPOSITION

Based on the above, I recommend that the court grant the Petitioners' claims and recognize that the Petitioners' interests in the forfeited property includes their right to recover attorneys' fees and costs incurred in protecting their interests as follows:

1. Community's interest in the Truck includes $3,500.00 in attorneys' fees and $19.60 in expenses; and
2. Citizen's interest in the Real Property includes $8,172.50 in attorneys' fees and $97.60 in expenses.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. '636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED:  July 1, 2015.

/s/  *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE